CINCINNATI BAR ASSOCIATION *v.* MCBETH.

[Cite as *Cincinnati Bar Assn. v. McBeth,* 139 Ohio St.3d 175,

2014-Ohio-1611.]

*Attorneys—Misconduct—Failing to communicate with client—Failing to hold client's property in an interest-bearing client trust account—Consent to discipline—Two-year suspension, 18 months stayed on conditions.*

(No. 2013-0569—Submitted January 8, 2014—Decided April 22, 2014.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and

Discipline of the Supreme Court, No. 12-075.

_____

**Per Curiam**.

{¶ 1} Respondent, Steven James McBeth of Cincinnati, Ohio, Attorney Registration No. 0063426, was admitted to the practice of law in Ohio in 1994. On October 8, 2012, relator, Cincinnati Bar Association, charged McBeth with professional misconduct for failing to provide legal services to a client, making misrepresentations to the client that he had filed a lawsuit on the client's behalf when he had not, failing to communicate with the client, and spending the client's $1,500 retainer without having earned it. Relator also alleged that McBeth owed money to two other former clients.

{¶ 2} The parties stipulated to McBeth's misconduct. Upon the parties' stipulations, the Board of Commissioners on Grievances and Discipline accepted the parties' joint recommendation that we suspend McBeth from the practice of law in Ohio for a period of two years, with 18 months stayed subject to the conditions that McBeth comply with a contract with the Ohio Lawyers Assistance Program ("OLAP") with monitored probation for the duration of the suspension. However, we remanded the case for clarification of the recommended sanction

regarding the commencement and duration of probation. A panel of the board subsequently considered the cause on the parties' revised consent-to-discipline agreement. *See* BCGD Proc.Reg. 11.

{¶ 3} In the revised consent-to-discipline agreement, McBeth stipulates to the facts alleged in relator's complaint and agrees that his conduct violated Prof.Cond.R. 1.1 (requiring a lawyer to provide competent representation to a client), 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a) (requiring a lawyer to reasonably communicate with a client), 1.5(a) (prohibiting a lawyer from making an agreement for, charging, or collecting an illegal or clearly excessive fee), and 1.15(a) (requiring a lawyer to hold property of clients in an interest-bearing client trust account, separate from the lawyer's own property).

{¶ 4} The parties stipulate that the mitigating factors present are the absence of a prior disciplinary record, the payment of restitution to the clients to whom McBeth owed funds, McBeth's cooperative attitude toward the disciplinary proceedings, and his diagnoses of chemical dependency and mental-health issues. *See* BCGD Proc.Reg. 10(B)(2)(a), (c), (d), and (g). As for aggravating factors, the parties note that McBeth exhibited a dishonest motive by accepting a client's retainer and spending it without having earned it. *See* BCGD Proc.Reg. 10(B)(1)(b). Based upon these factors, the parties stipulate that the appropriate sanction for McBeth's misconduct is a two-year suspension from the practice of law, with 18 months stayed upon the conditions that McBeth enter into and comply with a contract with OLAP and serve a monitored probation during the stayed portion of the suspension.

{¶ 5} The panel and board found that the revised consent-to-discipline agreement conforms to BCGD Proc.Reg. 11 and recommend that we adopt the agreement in its entirety.

2

**{¶ 6}** We agree that McBeth violated Prof.Cond.R. 1.1, 1.3, 1.4(a), 1.5(a), and 1.15(a) and, as stated in the parties' revised agreement, that this conduct warrants a two-year suspension with 18 months stayed on conditions. Therefore, we adopt the parties' revised consent-to-discipline agreement.

**{¶ 7}** Accordingly, Steven James McBeth is hereby suspended from the practice of law for a period of two years, with 18 months stayed on the conditions that McBeth (1) enter into and comply with a contract with OLAP and (2) commit no further misconduct. If McBeth fails to comply with the conditions of the stay, the stay will be lifted, and McBeth will serve the entire two-year suspension. Upon reinstatement to the practice of law, McBeth shall serve an 18-month period of monitored probation. Costs are taxed to McBeth.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

James Comodeca and Edwin W. Patterson III, for relator.

Steven James McBeth, pro se.

_____